IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROSALBA SANCHEZ, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:22-cv-00998-G (BT) |
| | § | |
| METHODIST HOSPITAL, | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This is a *pro se* civil action brought by Plaintiff Rosalba Sanchez. Although it is not entirely clear, Sanchez apparently claims to have been the victim of discrimination based on her age and race. Sanchez has attached a letter to her complaint form, which is addressed to "To Whom It May Concern." Compl. 2 (ECF No. 3). In her letter, she describes an incident at Methodist Hospital in Richardson, Texas that occurred on "Saturday, April 2 of this year." *Id.* At the hospital, the doctor allegedly diagnosed her with acute colitis, the nurses brought her two types of pills, and at around 3:00, hospital personnel released her. Sanchez concludes that she should not have been released and suggests the decision to release her was based on her age and race. But her complaint fails to comply with Rule 8(a), which requires a short and plain statement of a claim showing she is entitled to relief. *See* Fed. R. Civ. P. 8(a)(2). Accordingly, the Court sent Sanchez a Notice of Deficiency and Order (ECF No. 7), which directed her to file her complaint in

1

compliance with Federal Rule of Civil Procedure 8(a) and to file her pleadings on the appropriate form. The Order informed Sanchez that failure to respond and cure these deficiencies by June 6, 2022, could result in a recommendation that her case be dismissed. Sanchez has failed to respond, and the time for doing so has passed. Therefore, the Court should dismiss this case without prejudice pursuant to Federal Rule of Civil Procedure 41(b).

Rule 41(b) allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018) (citing *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam)); *accord Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016) (failure to comply with a court order); *Rosin v. Thaler*, 450 F. App'x 383, 383-84 (5th Cir. 2011) (per curiam) (failure to prosecute). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626 (1962)).

Here, Sanchez has failed to comply with the Court's order to file her complaint in compliance with Rule 8(a) and file her pleadings on the appropriate form. The Court cannot screen this case, and litigation cannot proceed, until Sanchez cures these deficiencies. Sanchez has failed to

prosecute her lawsuit and also failed to obey a court order. Dismissal without prejudice is warranted under these circumstances.

The Court should dismiss Sanchez's case without prejudice under Rule 41(b).

SO RECOMMENDED.

Signed June 7, 2022.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).